**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION**

| | | |
|---|---|---|
| LIGHTHOUSE GROUP, LLC; LIGHTHOUSE CONSULTING SERVICES, LLC, f/k/a Lighthouse Captive Management, LLC; and LIGHTHOUSE INTERNATIONAL SERVICES, LLC, | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | No. 9:15-cv-02463-DCN |
| vs. | ) ) ) | **ORDER** |
| PETER J. STRAUSS; THE STRAUSS LAW FIRM, LLC; JOSEPH ZIOLKOWSKI; ALPINE CAPTIVE MANAGEMENT, LLC; HAMILTON CAPTIVE MANAGEMENT, LLC; WORLDWIDE PROPERTY & CASUALTY SAC, LTD., and PORT ROYAL PROPERTY & CASUALTY REINSURANCE, LTD., | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

This matter comes before the court on defendants Peter Strauss ("Strauss"), Strauss Law Firm, LLC, Alpine Captive Management, LLC ("Alpine"), Hamilton Captive Management, LLC ("Hamilton"), Port Royalty Property and Casualty Reinsurance, Ltd. SAC ("Port Royal"), Joseph Ziolkowski ("Ziolkowski"), and Worldwide Property and Casualty Ltd. SAC's ("Worldwide") (collectively "defendants") partial motion to dismiss.  For the reasons set forth below, the court grants defendants' motion.

1

## I. BACKGROUND

Plaintiffs Lighthouse Group, LLC, Lighthouse Consulting Services, LLC, f/k/a Lighthouse Captive Management, LLC, and Lighthouse International Services, LLC (collectively the "Lighthouse companies" or "plaintiffs") "are essentially a group of companies that assist in creating and managing trusts and captive insurance companies." Am. Compl. ¶ 16. The allegations underlying the complaint arise out of and relate to the formation and management of captive insurance companies by the Lighthouse companies and various defendants. Plaintiffs filed the present action on June 18, 2015, bringing the following causes of action: (1) breach of fiduciary duty as to Strauss; (2) constructive fraud as to Strauss; (3) legal professional negligence as to Strauss; (4) breach of contract as to the Strauss Law Firm; (5) conversion as to all defendants; (6) usurpation of corporate opportunity as to Strauss, the Strauss Law Firm, Ziolkowski, and Alpine; (7) Unfair Trade Practices violation as to Strauss; (8) tortious interference with contract against Strauss, the Strauss Law Firm, Ziolkowski, and Alpine; (9) civil conspiracy as to Strauss and Ziolkowski; (10) copyright infringement against all defendants; (11) breach of software license agreement as to Alpine; and (12) breach of confidentiality and non-compete agreement as to Alpine and Ziolkowski.

On August 18, 2015, defendants filed the present motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and 12(b)(1). Defendants argue that the court lacks specific and general personal jurisdiction over defendants Worldwide and Port Royal. Defendants also argue that plaintiffs' claims for breach of contract and violation of the South Carolina Unfair Trade Practices Act ("SCUTPA") fail because they are duplicative of the legal professional negligence cause of action. On August 27, 2015,

2

plaintiffs filed an amended complaint. On September 14, 2015, plaintiffs filed a response in opposition to defendants' motion to dismiss, and defendants replied on September 24, 2015. Plaintiffs also filed a motion to conduct personal jurisdictional discovery and for enlargement of time to supplement opposition to defendants Worldwide and Port Royal's motion to dismiss for lack of personal jurisdiction. Plaintiffs sought a ninety day extension to conduct jurisdictional discovery. Following jurisdictional discovery, the parties, through counsel, reached an agreement to withdraw their motion to dismiss for lack of personal jurisdiction over defendants Worldwide and Port Royal. The parties further agreed that defendants' motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) with respect to the breach of contract and SCUTPA claims remains pending and is not affected by the parties' agreement. Therefore, the only remaining issues in defendants' motion to dismiss are the 12(b)(6) issues. The motion has been fully briefed and is ripe for the court's review.

## II.  STANDARD

A plaintiff's complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To show that the plaintiff is "entitled to relief," the complaint must provide "more than labels and conclusions." Twombly, 550 U.S. at 555. "[A] formulaic recitation of the elements of a cause of action will not do." Id. In considering a motion to dismiss pursuant to Rule 12(b)(6), the court "accepts all well-pled facts as true and construes these facts in the

light most favorable to the plaintiff . . . ." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009). Notably, "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement" are not considered well pled facts.

To survive a Rule 12(b)(6) motion to dismiss, a complaint must state "a plausible claim for relief." Iqbal, 556 U.S. at 679. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). Stated differently, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" Id. (quoting Fed. R. Civ. P. 8(a)). Still, Rule 12(b)(6) "does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations." Colon Health Centers of Am., LLC v. Hazel, 733 F.3d 535, 545 (4th Cir. 2013) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). "A plausible but inconclusive inference from pleaded facts will survive a motion to dismiss . . . ." Sepulveda–Villarini v. Dep't of Educ. of Puerto Rico, 628 F.3d 25, 30 (1st Cir. 2010) (Souter, J.).

### III. DISCUSSION

Defendants argue that plaintiffs' breach of contract claim should be dismissed as duplicative because it is dependent upon the claim for legal professional negligence. Defs.' Mot. to Dismiss 10. Defendants also argue that plaintiffs' claim for violation of

the SCUTPA should be dismissed because the complaint fails to state facts sufficient to constitute a cause of action and the claims is duplicative of the legal professional negligence cause of action. Id. at 12–13. The court will address each cause of action below.

### A.     Breach of Contract

Defendants argue that plaintiffs' breach of contract claim must be dismissed as duplicative of the legal malpractice claim. In the breach of contract claim against the Strauss Law Firm, plaintiffs allege that the Strauss Law Firm entered into a contract with plaintiffs and agreed to provide them with competent and prudent legal services. Compl. ¶ 77. Plaintiffs further allege that "[b]y virtue of its contract, Defendant Strauss Law Firm owed contractual duties to Plaintiffs to provide competent lawyers able to meet the minimum standard of care when providing the legal services required under its contract with" plaintiffs. Id. ¶ 79. Plaintiffs allege that the Strauss Law Firm breached its contractual duties "by failing to supply competent lawyers able to meet the minimum standard of care when providing the legal services required under its contract." Id. ¶ 80.

Defendants did not cite—and the court is unaware of—any South Carolina law for the proposition that breach of contract and legal malpractice claims are duplicative. However, the South Carolina Supreme Court has held that a breach of fiduciary duty claim is "duplicative" of a legal malpractice claim where the claim for breach of fiduciary duty "arose out of the duty inherent in the attorney-client relationship and it arose out of the same factual allegations." RFT Mgmt. Co. v. Tinsley & Adams L.L.P., 732 S.E.2d 166, 173 (S.C. 2012). Similarly, this court granted summary judgment on a plaintiff's claims for breach of fiduciary duty and negligence, finding them duplicative of the

plaintiff's legal malpractice claim.  See Vieira v. Simpson, No. 2:13-cv-2610-DCN, 2015 WL 1299959, at *3 (D.S.C. Mar. 23, 2015).  Circuit courts have applied the same reasoning to breach of contract claims that share the same operative facts as a legal malpractice claim, dismissing such claims as duplicative of legal malpractice claims.  See, e.g., McKenzie v. Berggren, 99 F. App'x 616, 620–21 (6th Cir. 2004) ("The district court found that McKenzie's breach of contract and fiduciary duty claims were duplicative of his legal malpractice claim . . . a plaintiff cannot prevail on a claim for breach of contract where the alleged facts support a claim for legal malpractice."); PPX Enterprises, Inc. v. Fredericks, 5 F. App'x 25, 28 (2d Cir. 2001) ("[W]hen the alleged breach of a retainer agreement is a 'breach of general professional standards' and not a breach of a particular action or promised result, then the breach of contract claim is duplicative of the legal malpractice claim and viewed as a redundant pleading.").

Further, while the South Carolina Supreme Court has not explicitly applied the aforementioned analysis to breach of contract claims, many district courts have dismissed breach of contract claims as duplicative of legal malpractice claims.  See,e.g., Allied Waste N. Am., Inc. v. Lewis, King, Krieg & Waldrop, P.C., 93 F. Supp. 3d 835, 859 (M.D. Tenn. 2015) ("[W]hen a legal malpractice and breach of contract claim share the same operative facts and injury to the plaintiff, the breach of contract claim is duplicative of the malpractice claim and should be dismissed."); N. Am. Catholic Educ. Programming Found., Inc. v. Womble, Carlyle, Sandridge & Rice, PLLC, 887 F. Supp. 2d 78, 83 (D.D.C. 2012) ("The plaintiff's claim[] for breach of contract . . . [is] duplicative of its malpractice claim and must be dismissed."); Meador v. Albanese Law Office, 2010 WL 3807163, at *4 (N.D.N.Y. Sept. 23, 2010) ("Where claims of

negligence, breach of contract, breach of fiduciary duty, negligent misrepresentation, or fraudulent misrepresentation are premised on the same facts and seek identical relief as a claim for legal malpractice, those claims are duplicative and must be dismissed."); Diamond v. Sokol, 468 F. Supp. 2d 626, 640 (S.D.N.Y. 2006) ("Yet a claim for breach of contract is properly dismissed as 'redundant . . . of a malpractice claim,' where it is does not 'rest upon a promise of a particular or assured result,' but rather upon defendant's alleged breach of professional standards." (quoting Senise v. Mackasek, et al., 227 A.D.2d 184 (N.Y. 1996))); Aller v. Law Office of Carole C. Schriefer, P.C., 140 P.3d 23, 26 (Colo. App. 2005) (holding that a legal malpractice action is "essentially based on negligence"); General Sec. Ins. Co. v. Jordan, Coyne & Savits, LLP, 357 F. Supp .2d 951, 961–62 (E.D. Va. 2005) (holding that certain claims for breach of contract and breach of fiduciary duty were "mere disguises for the plaintiffs' legal malpractice claims" because the breach alleged in both was "the same failure to provide adequate legal services that [was] the crux of the legal malpractice claims").  This court finds the aforementioned case law persuasive and applicable under these circumstances.

      Plaintiffs' breach of contract claim arises solely out of defendants' alleged failure to "provide competent lawyers able to meet the minimum standard of care when providing the legal services required under its contract."  Am. Compl. ¶ 80.  Plaintiffs' legal malpractice claim alleges that "Strauss failed to meet the minimum standard of care thereby breaching his professional duties to [p]laintiffs . . . ."  Id. ¶ 72.  Therefore, the breach of contract claim essentially restates the legal malpractice allegations because it arises solely out of defendants' failure to comply with the standard of care and involves the same factual allegations.  Plaintiffs do not allege a breach of a particular action or

7

promised result but rather a breach of general professional standards because the allegations relate solely to Strauss's conduct as a lawyer and the legal services he provided. Therefore, the court grants defendants' motion to dismiss plaintiffs' breach of contract claim as duplicative of the legal malpractice claim.[1]

### B.   Unfair Trade Practices

Defendants next argue that plaintiffs' SCUTPA claim should be dismissed because plaintiffs "make no allegations regarding [d]efendant Strauss'[s] advertising practices or any indication that his advertising was false, deceptive, or misleading, other than to say he failed to perform as promised in his areas of expertise." Defs.' Mot. 11. Defendants further argue that plaintiffs failed to "assert a single factual allegation to support its claim that [d]efendant Strauss did not adequately perform in his areas of expertise, namely the formation of captive insurance companies and asset protection." Id. at 12. In response, plaintiffs argue that the allegations are sufficient to state a claim for a SCUTPA violation. Pls.' Resp. 14–15.

The SCUTPA prohibits "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." S.C. Code Ann. § 39-5-20(a). Trade or commerce includes "the advertising, offering for sale, sale or distribution of any services and any property . . . and any other article, commodity or thing of value." S.C. Code Ann. § 39-5-10(b). In order to establish a SCUTPA violation, a plaintiff must allege "(1) that the defendant has engaged in an unlawful trade practice, (2) that the

---

[1]   Notably, this same analysis does not apply to plaintiffs' breach of fiduciary duty claim against Strauss because the underlying allegations of the breach of fiduciary duty claim relate to his duties beyond those as their attorney—namely his duties as a business partner. Am. Compl. ¶¶ 56–62.

plaintiff suffered actual, ascertainable damages as a result of the defendant's use of the unlawful trade practice, and (3) that the unlawful trade practice engaged in by the defendant had an adverse impact on the public interest." Havird Oil v. Marathon Oil Co., Inc., 149 F.3d 283, 291 (4th Cir. 1998).

"A trade practice is 'unfair' when it is offensive to public policy or when it is immoral, unethical, or oppressive; a practice is 'deceptive' when it has a tendency to deceive." Young v. Century Lincoln-Mercury, Inc., 396 S.E.2d 105, 108 (S.C. Ct. App. 1989). "An impact on the public interest may be shown if the acts or practices have the potential for repetition." Singleton v. Stokes Motors, Inc., 595 S.E.2d 461, 466 (S.C. 2004) (emphasis added). The potential for repetition can be shown by either "showing the same kind of actions occurred in the past, thus making it likely they will continue to occur absent deterrence" or "showing the company's procedures created a potential for repetition of the unfair and deceptive acts." Id. "Conduct that affects only the parties to the transaction and not the public interest provides no basis for a SCUTPA claim." Bessinger v. Food Lion, Inc., 305 F. Supp. 2d 574, 581 (D.S.C. 2003). However, "the plaintiff in a SCUTPA action is required only to allege and prove those facts sufficient to demonstrate potential for repetition; at that point, plaintiff has proven an adverse effect on the public interest sufficient to recover under the SCUTPA." Liberty Mut. Ins. Co. v. Emp. Res. Mgmt., Inc., 176 F. Supp. 2d 510, 516 (D.S.C. 2001).

The SCUTPA exempts certain practices and transactions from coverage; the burden of proving an exemption is upon the party claiming the exemption. S.C. Code Ann. § 39–5–40 (1985 & Supp. 2011). One exemption provides that the SCUTPA does not apply to "[a]ctions or transactions permitted under laws administered by any

regulatory body or officer acting under statutory authority of this State or the United States or actions or transactions permitted by any other South Carolina State law." S.C. Code Ann. § 39–5–40(a) (1985). The Supreme Court of South Carolina has "interpreted this exemption to exclude from the UTPA those actions or transactions which are allowed or authorized by a regulatory agency or other statutes." Taylor v. Medenica, 479 S.E.2d 35, 44 (S.C. 1996) (citing Ward v. Dick Dyer & Assocs., 403 S.E.2d 310 (S.C. 1991)). The South Carolina Supreme Court has held that this exemption does not apply to the legal profession. See RFT Mgmt. Co., 732 S.E.2d at 174.

Plaintiffs allege that Strauss engaged in unfair methods of competition and unfair and deceptive acts and practices and that he has unfairly and deceptively failed to perform as promised. Am. Compl. ¶¶ 99–100. Plaintiffs also allege that Strauss's unfair and deceptive acts and promises affect the public interest. Id. ¶ 101. Plaintiffs further alleged that Strauss's "unfair and deceptive acts and promises have either been repeated or have the potential for repetition," causing plaintiffs damages. Id. ¶ 102–03. Plaintiffs allege that

Defendants argue that the complaint fails to provide any supporting facts of how Strauss failed to perform in his area of expertise. In response, plaintiffs argue that their allegations that Strauss used "his fiduciary capacity as both their lawyer and a business partner as a vehicle to misappropriate valuable corporate information and business opportunities that belonged to his Lighthouse clients" and that "after acting as a lawyer and a business partner for several years, [Strauss] secretly started his own competing companies and purloined the business of Lighthouse's established customers and new

customer referrals for the benefit of his own competing companies" are sufficient to allege a SCUTPA violation.  Am. Compl. ¶ 1; Pls.' Resp. 15.

Plaintiffs have failed to allege sufficient facts to demonstrate that Strauss's conduct had an adverse impact on the public interest.  Rather, plaintiffs' SCUTPA claim consists of mere "labels and conclusions" and is "a formulaic recitation of the elements of a cause of action," which does not "state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 55, 570.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 550 U.S. at 678. Plaintiffs fail to sufficiently allege how Strauss's conduct affects the public interest, and the complaint does not provide a factual basis of what actions constitute a SCUTPA violation.  See In re Nix, 2012 WL 27667, at *11 (Bankr. D.S.C. Jan. 5, 2012) ("Plaintiff's Complaint recites the elements of a SCUTPA claim without providing any factual basis as to what actions undergone by [the defendant] constitute a violation of SCUTPA.").  "[A] plaintiff must use specific facts to show that members of the public were or were likely to be affected." Morgan v. HSBC Bank USA, Nat. Ass'n, No. 6:13-cv-03593, 2015 WL 3888412, at *5 (D.S.C. June 24, 2015) (citing Jefferies v. Phillips, 451 S.E.2d 21, 23 (S.C. Ct. App. 1994) (emphasis added).  The complaint "provides no specific facts demonstrating that [Strauss] ha[s] conducted the same kind of actions in the past or that [his] procedures or business practices created a potential for repetition in the future." Ameristone Tile, LLC v. Ceramic Consulting Corp., 966 F. Supp. 2d 604, 621 (D.S.C. 2013); see also Ethox Chem., LLC v. Coca-Cola Co., No. 6:12-cv-01682, 2013 WL 41001, at *3 (D.S.C. Jan. 3, 2013) ("[T]he complaint fails to allege any specific procedures or business practices that create the potential for repetition.").  "Absent

11

specific facts, a plaintiff is merely offering a speculative claim about adverse public impact." Morgan, 2015 WL 3888412, at *5.

Therefore, the court holds that the allegations, viewed in the light most favorable to plaintiffs, are insufficient to state a SCUTPA violation. As such, the court grants defendants' motion to dismiss as it pertains to plaintiffs' SCUTPA claim.

### IV.   CONCLUSION

For the reasons set forth above, the court **GRANTS** defendants' motion and **DISMISSES** plaintiffs' breach of contract claim and violation of the SCUTPA claim.

**AND IT IS SO ORDERED**.

                                          **DAVID C. NORTON**
                                          **UNITED STATES DISTRICT JUDGE**

**February 12, 2016**
**Charleston, South Carolina**